UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL EUGENE JOHNSON, <br>     Petitioner, <br>   v. <br> JOSIE GASTELO, <br>     Respondent. | Case No. 20-cv-01595-WHO (PR) <br><br> **ORDER DISMISSING PETITION WITH LEAVE TO AMEND** <br><br> Dkt. Nos. 2 and 8 |

## INTRODUCTION

Petitioner Darrell Eugene Johnson seeks federal habeas relief under 28 U.S.C. § 2254 after the state courts denied his request for early parole consideration under Proposition 57, which provides such consideration for persons convicted of non-violent felonies. However, Johnson is statutorily ineligible under Proposition 57 because his commitment offense of robbery is considered a violent felony. Because Johnson is ineligible for early parole consideration, he never had a due process liberty interest that the state denied. On such a record, no federal habeas claim has been stated.

If Johnson believes he can overcome this barrier to federal habeas relief, he may file an amended petition on or before **September 1, 2020**. The current petition is DISMISSED with leave to amend. If Johnson fails to file an amended petition by September 1, 2020, or if the petition submitted by that date is inadequate, this federal habeas action will be

dismissed.

## BACKGROUND

In 2013, Johnson was convicted in the San Francisco Superior Court of second degree robbery and sentenced to a term of ten years in prison, which includes a five-year enhancement for a serious felony conviction. (Pet., Dkt. No. 1 at 1; State Appellate Court Decision, Dkt. No. 1-1 at 7.)

He applied to the state courts for relief under Proposition 57. In 2016, California voters approved Proposition 57, which requires that "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." Cal. Const. Art. I, § 32(a)(1). The implementing regulations define a "violent felony" as "a crime or enhancement as defined in subdivision (c) of section 667.5 of the Penal Code." "Any robbery" is defined as "violent felony" under California Penal Code § 667.5(c)(9).

The state courts denied his applications for relief. The state appellate court declared that "Johnson's robbery conviction makes him ineligible for relief under Proposition 57, since the applicable regulations and statutes define 'any robbery' as a violent felony." (Pet., State Appellate Court Decision, Dkt. No. 1-1 at 7.) Furthermore, his reliance on two federal cases, the same ones he raises in the instant federal habeas petition, was "unavailing because those cases considered only whether certain offenses were violent under federal laws not implicated here." (*Id.*)

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate

only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Johnson alleges the denial of his application for early parole consideration violated his due process rights. He fails to state any claim for relief, however. Johnson is statutorily ineligible under Proposition 57 because his commitment offense of robbery is considered a violent felony. Though he disputes the state court's determination that robbery is a violent felony, this cannot form the basis for habeas relief. A state court's interpretation of state law binds a federal court sitting in habeas corpus. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Furthermore, violations of state law are not remediable on federal habeas review, even if state law was erroneously applied or interpreted. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *Little v. Crawford*, 449 F.3d 1075, 1083 (9th Cir. 2006) (an allegation that a state court misapplied state law "neither gives rise to an equal protection claim, nor provides a basis for habeas relief.") Because Johnson is ineligible for early parole consideration, he never had a due process liberty interest the state denied.

The petition will be dismissed with leave to amend.

## CONCLUSION

The petition is DISMISSED with leave to file an amended petition on or before **September 1, 2020**. The amended petition must include the caption and civil case number used in this order (20-01595 WHO (PR)) and the words FIRST AMENDED PETITION on the first page. Because an amended petition completely replaces the previous petitions, petitioner must include in his amended petition all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Any claims not raised in the amended petition will be deemed waived. Petitioner may not incorporate material from the prior petition by reference. Failure to file an amended petition in accordance with this order will result in dismissal of this action without further notice to petitioner.

It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper with the Clerk headed

1   "Notice of Change of Address."  He must comply with the Court's orders in a timely
2   fashion or ask for an extension of time to do so.  Failure to comply may result in the
3   dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).
4         Johnson's application to proceed *in forma pauperis* is GRANTED.  (Dkt. Nos. 2
5   and 8.)  The Clerk shall terminate all pending motions.
6         **IT IS SO ORDERED.**
7   **Dated:**  July 15, 2020



WILLIAM H. ORRICK
United States District Judge